IGNACIO FIGUEROA, Petitioner, v. DISTRICT COURT OF GUAYAMA, Respondent.

No. 727. Argued November 3, 1930.—Decided November 28, 1930.

C. *Domínguez Rubio* for petitioner. *R. A. Gómez* for respondent.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

Ignacio Figueroa applied to this court for a writ of certiorari directed to the District Court of Guayama because, as he claimed, the proceeding pursued against him in the said court to remove him as guardian of the minor, Isabel Figueroa Bernier, was not the one prescribed by law. The writ was issued and the record of the proceeding sent up by the district court. A hearing was held on the 3rd of the present November, at which only the district attorney appeared.

The petitioner alleges in his application that at his own request he was appointed by the district court guardian of his minor niece, Isabel Figueroa Bernier; that he furnished the bond and took the oath as required by law; that on the 5th of last May the district attorney, within the same guardianship proceeding, filed a motion stating that, as the result of an inquiry made upon a complaint submitted against the petitioner, there appeared grounds for his removal as such guardian, and stating further that the petitioner had failed to render any account or make any report as to his guardianship and had been guilty of misconduct towards his ward.

A copy of the district attorney's motion was served on the attorney for the petitioner, who alleged that the proceeding had was not in accordance with the law, because the removal could only be sought in an ordinary action and not in an *ex parte* proceeding.

After hearing the petitioner's motion, the court dismissed it; whereupon the petitioner applied to this court by certiorari.

Section 265 of the Civil Code enumerates the persons not qualified to act as guardians, and section 266 closely connected with the preceding section, specifies what persons must be removed from the guardianship. Section 267 of the same code says:

"The district court shall not declare tutors incapable nor resolve upon their removal, without summoning them and hearing them if they appear."

The petitioner invokes the authority of Manresa who, in commenting on section 239 of the former Civil Code, equivalent to section 267 above quoted, says:

"There arises, therefore, a real trial, where the parties are: on the one hand, the person who has applied for the removal or the council itself upon being advised that such removal lies; and on the other hand, the respondent tutor or undertutor. It is incumbent on the Law of Civil Procedure to provide the procedure to be followed, and undoubtedly this will be done when necessary amendments are made to bring that statute into harmony with the Code. Meanwhile, the council shall fix the reasonable time required for hearing the tutor and shall then render a reasoned decision." 2 Manresa, Spanish Civil Code, 256–257."

As may be seen, the commentary of Manresa refers to the family council which had then the powers now vested in the district courts, and speaks of what it devolved upon the Law of Civil Procedure to provide.

Our present Code of Civil Procedure provides nothing specifically in that respect, and we are not aware of any valid reason which prevents the filing of a petition for removal within the guardianship proceeding itself. On the contrary, it seems only logical that this should be done.

What the law requires is that a guardian may not be declared disqualified or his removal decreed without giving him notice and granting him a hearing, if he appears. The summoning and hearing, and the taking of evidence, may be had with all the necessary safeguards and at the same time with all the speed required by the circumstances, on motion

within the guardianship proceedings. Such seems to us to be the proper procedure to follow.

The same commentator—Manresa—cited by the petitioner, in the paragraph preceding that already quoted, says:

"Both sections are closely related to such an extent, that they supplement each other in regard to the same act. Thus, without detriment to the defense of the tutor or to the proper action by the family council, a modification takes place of the provisions of the Law of Civil Procedure, in accordance with which (section 1879), in order to decree the removal of tutors and undertutors, they must be heard and defeated in court and can not be removed in an *ex parte* proceeding." 2 Manresa, Spanish Civil Code, p. 256.

The writ issued must be discharged and the case remanded to the district court for further proceedings in accordance with the law.

Mr. Justice Texidor took no part in the decision of this case.